FRANCIS M. GREGOREK (144785)
gregorek@whafh.com
BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. RICKERT (190634)
rickert@whafh.com
WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLP
Symphony Tower
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile:  619/234-4599

STEPHEN R. BASSER (121590)
sbasser@barrack.com
SAMUEL M. WARD
sward@barrack.com
BARRACK, RODOS & BACINE
402 West Broadway, Suite 850
San Diego, CA  92101
Telephone:  619/230-0800
Facsimile:   619/230-1874

Co-Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re VERISIGN, INC. DERIVATIVE LITIGATION<br><br>This Document Relates To:<br><br>_____ | Master File No. C-06-4165-PJH<br><br>[~~PROPOSED~~] **ORDER AND FINAL JUDGMENT**<br><br>DATE: June 2, 2010<br>TIME: 9:00 a.m.<br>CRTRM: 3, 3rd Floor<br>JUDGE: Hon. Phyllis Hamilton |

WHEREAS, this matter having come before the Court for final approval of the proposed settlement of this action;

WHEREAS, the parties to the above-captioned action (the "Federal Action") entered into a Stipulation and Agreement of Settlement of Litigation dated as of January 27, 2010 (the "Stipulation"), and have applied to this Court for final approval of the settlement provided for therein (the "Settlement") pursuant to Rule 23.1 of the Federal Rules of Civil Procedure ("Rule 23.1");

WHEREAS, on March 5, 2010, this Court entered the Second Amended Preliminary Approval Order ("Preliminary Order"), preliminarily approving the Settlement and requiring notice to stockholders of VeriSign, Inc. ("VeriSign" or "the Company"), who held shares of VeriSign common stock on March 5, 2010, by mailing the Notice via first-class mail to each shareholder of record;

WHEREAS, the Preliminary Order set a hearing for June 2, 2010, to determine whether:

(i)     the plaintiffs fairly and adequately represent the interests of the shareholders in enforcing the rights of the Company;

(ii)    the proposed Settlement should be approved as fair, reasonable and adequate;

(iii)   final judgment should be entered thereon dismissing the Federal Action with prejudice;

and

(iv)    whether Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of expenses should be granted;

WHEREAS, notice has been provided to stockholders of VeriSign in compliance with the Preliminary Order; and

WHEREAS, in accordance with the Preliminary Order and the notice described therein, a hearing was held on June 2, 2010, all interested parties were afforded an opportunity to be heard, and the Court made certain findings of fact and conclusions of law, as set forth in the transcript of that hearing;

[PROPOSED] ORDER AND FINAL JUDGMENT - Master File No. C-06-4165 PJH

NOW, THEREFORE, it is ORDERED, ADJUDGED AND DECREED pursuant to Rule 23.1 that:

1. The terms and definitions employed in the Stipulation are incorporated by reference and adopted herein.

2. This Court has jurisdiction over the subject matter of the Federal Action, including all matters necessary to effectuate the Settlement, over all parties to the Federal Action and over any persons and entities that objected to the Settlement.

3. The notice provided for in the Preliminary Order constitutes the best notice practicable under the circumstances and is in full compliance with the notice requirements of due process and Rule 23.1.

4. The Settlement is, in all respects, fair, reasonable and adequate, is in accordance with Rule 23.1 and is in the best interest of VeriSign and its shareholders and should be approved. Accordingly, the Stipulation and Settlement are hereby approved.

5. The Second Amended Shareholder Derivative Complaint filed in the Federal Action is hereby dismissed in its entirety, with prejudice and without costs to any party, other than as set forth in the Stipulation and this Order and Final Judgment.

6. The Court hereby approves the release provisions of the Stipulation in favor of the Individual Defendants and others, and directs that, in consideration of the terms and conditions of the Stipulation, upon the Effective Date, Plaintiffs and any other present stockholders of the Company (claiming by, through, in the right of, or on behalf of the Company), and the Company (or any person claiming by, through, in the right of, or on behalf of the Company, by subrogation, assignment or otherwise) fully, finally and forever release, relinquish and discharge all Released Claims against all Defendants in the Actions, the Related Persons and VeriSign.

7. The Court hereby approves the release provisions of the Stipulation in favor of the Company and directs that, in consideration of the terms and conditions of the Stipulation, upon the Effective Date, each of the Individual Defendants fully, finally and forever release, relinquish and discharge VeriSign or any of its predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, heirs, related or affiliated entities, each of its past or present officers, directors,

employees, partners, attorneys, personal or legal representatives, any entity in which VeriSign has a controlling interest, and all present and former officers, directors and employees of VeriSign's current and former subsidiaries for any and all claims of relief, demands, obligations, suits, actions, rights, causes of action, or liabilities whatsoever, whether known or Unknown Claims or claims suspected to exist, whether based on federal, state or local statutory or common law or any other laws, rule or regulation, that have been or could have been asserted which arise out of or relate in any way to the Released Claims.

8. The Court hereby approves the release provisions of the Stipulation in favor of the Company, Plaintiffs and others, and directs that, in consideration of the terms and conditions of the Stipulation, upon the Effective Date, each of the Defendants fully, finally and forever release, relinquish and discharge Plaintiffs and their counsel from all claims arising out of, or relating to or in connection with, their institution, prosecution, assertion, settlement or resolution of the Actions or the Released Claims.

9. The Court hereby approves the release provision of the Stipulation in favor of the Individual Defendants and directs that, in consideration of the terms and conditions of the Stipulation, upon the Effective Date, each and every Plaintiff and Plaintiffs' respective counsel fully, finally and forever release, relinquish and discharge each and every Individual Defendant from all claims arising out of, or relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Actions or the Released Claims.

10. The Court hereby approves the Parties' (i) acknowledgment that after the signing of the Stipulation they may discover facts in addition to or different from those which they then know or believe to be true and their agreement that, in such event, the releases set forth above shall nonetheless remain effective in all respects; and (ii) waiver of any and all rights and benefits under any law or legal principle in any jurisdiction that is similar in effect to Section 1542 of the California Civil Code.

11. VeriSign has adopted or will adopt certain additional corporate governance measures set forth in the Stipulation, and, with respect to certain obligations created by ¶ 2.8 of the

Stipulation, VeriSign shall keep such obligations in force and substantially similar form for a period of at least three years from the Effective Date.

12. Plaintiffs' Counsel are hereby awarded attorneys' fees and expenses in the amount of $750,000, with such payment to be made in accordance with the terms of the Stipulation.

13. This Order and Final Judgment, the Stipulation, all exhibits thereto, and any and all negotiations, papers, writings, statements, acts and/or proceedings related to the Settlement are not, and shall not in any way be used or construed as (a) a presumption, concession, admission, or evidence of, the validity of any Released Claim or of any fault, wrongdoing or liability of the Individual Defendants or the Company; or (b) a presumption, concession, admission or evidence of, any fault or omission of any of the Individual Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce the Stipulation, the Settlement or this Order and Final Judgment, except that the Defendants may file the Stipulation and/or the Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, including but not limited to the Santa Clara Action and the State Derivative Action.

14. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, including effectuating the release of claims in related proceedings such as the Santa Clara Action and State Derivative Action, and all parties hereto submit to the jurisdiction of the Court for the purposes of implementing and enforcing the Settlement embodied in the Stipulation.

15. In the event that the Effective Date does not occur in accordance with the terms of the Stipulation, including effectuating the release of claims in related proceedings such as the Santa Clara Action and State Derivative Action, this Order and Final Judgment shall be vacated, and all Orders entered and releases delivered in connection with the Stipulation and Order and

| | |
|---|---|
| 1 | Final Judgment shall be null and void, except as otherwise provided for in the Stipulation. |
| 2 | SO ORDERED. |
| 3 | |
| 4 | DATED: June 2, 2010 |
| 5 | _____ |
|   | THE HONORABLE PHYLLIS J. HAMILTON |
|   | UNITED STATES DISTRICT COURT JUDGE |
| 6 | |
| 7 | Submitted by, |
| 8 | WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP |
| 9 | FRANCIS M. GREGOREK |
| 10 | RACHELE R. RICKERT |
| 11 | /s/ Rachele R. Rickert |
|   | RACHELE R. RICKERT |
| 12 | |
| 13 | 750 B Street, Suite 2770 |
|   | San Diego, CA 92101 |
| 14 | Telephone: 619/239-4599 |
|   | Facsimile: 619/234-4599 |
| 15 | |
| 16 | BARRACK, RODOS & BACINE |
|   | STEPHEN R. BASSER |
| 17 | SAMUEL M. WARD |
|   | 402 West Broadway, Suite 850 |
| 18 | San Diego, CA 92101 |
|   | Telephone: 619/230-0800 |
| 19 | Facsimile: 619/230-1874 |
| 20 | Co-Lead Counsel for Plaintiffs |

*IT IS SO ORDERED*
*Judge Phyllis J. Hamilton*

VERISIGN:17350.ORDER

[PROPOSED] ORDER AND FINAL JUDGMENT - Master File No. C-06-4165 PJH

- 5 -